# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RON GIPSON, | ) | No. 76826-3-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| SNOHOMISH COUNTY, | ) | UNPUBLISHED OPINION |
| a municipal corporation, | ) | |
| Respondent. | ) | FILED: July 9, 2018 |

LEACH, J. — Ron Gipson appeals a summary judgment dismissing his Public Records Act (PRA)[1] claim against Snohomish County (County). In December 2014, Gipson requested records related to an open investigation involving him. The investigation concluded in February 2015. After the investigation closed, the County produced the substantially redacted records in installments, claiming the exemption under RCW 42.56.250(6)[2] for records related to an active and ongoing investigation applied to Gipson's request. Gipson challenges this exemption claim because the County produced the records after the investigation ended. But an agency makes its determination of

---

[1] Ch. 42.56 RCW.

[2] In 2017, the relevant exemption was renumbered. As a result, the exemption for records related to an active and ongoing investigation into employment discrimination that was previously numbered RCW 42.56.250(5) is now numbered RCW 42.56.250(6). LAWS OF 2017, Reg. Sess., ch. 16 § 1.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

RON GIPSON, )
                               )
                               ) No. 76826-3-I
            Appellant, )
                               ) DIVISION ONE
    v. )
                               )
SNOHOMISH COUNTY, ) UNPUBLISHED OPINION
a municipal corporation, )
                               )
           Respondent. ) FILED:
                               )

LEACH, J. — Ron Gipson appeals a summary judgment dismissing his Public Records Act (PRA)[1] claim against Snohomish County (County). In December 2014, Gipson requested records related to an open investigation involving him. The investigation concluded in February 2015. After the investigation closed, the County produced the substantially redacted records in installments, claiming the exemption under RCW 42.56.250(6)[2] for records related to an active and ongoing investigation applied to Gipson's request. Gipson challenges this exemption claim because the County produced the records after the investigation ended. But an agency makes its determination of

---

[1] Ch. 42.56 RCW.

[2] In 2017, the relevant exemption was renumbered. As a result, the exemption for records related to an active and ongoing investigation into employment discrimination that was previously numbered RCW 42.56.250(5) is now numbered RCW 42.56.250(6). LAWS OF 2017, Reg. Sess., ch. 16 § 1.

whether a record is exempt at the time that it receives the request. So the exemption applied. We affirm.

## FACTS

The County employs Gipson as a corrections officer at the Snohomish County Juvenile Justice Center. In 2014, the County employed Marcella Fleming Reed (MFR), an outside investigator, to investigate select female corrections officers' allegations of sexual harassment and sexual discrimination against Gipson. The investigation continued until February 2, 2015.

Gipson made a public records request (PRR) on December 1, 2014. He requested 30 categories of records. The request's preamble limited it to records "'which in any way mention[ ] the name Ron Gipson.'" The documents requested included a "'copy of all MFR's paid invoices and legers [sic] to date emails & phone/cell records in native format with all metadata, attachments including all folders, junk mail & sent items on CD in electronic form from the dates of December 27, 2013 to November 5, 2014.'" Gipson also requested records contained in the e-mail accounts of various employees related to an ongoing investigation into the allegations against him.

The County produced five installments of records in response to Gipson's request. It heavily redacted documents in installments two, three, and five, which it provided after the investigation concluded. The responses described the

withheld information as records related to an "active and on-going" investigation into employment discrimination and cited RCW 42.56.250(6). The County closed Gipson's request on May 4, 2015.

On February 18, 2016, Gipson submitted two more public records requests, which the County consolidated. Gipson claims that on May 31, 2016, the County produced unredacted copies of all the billing invoices he had previously received in response to his December 2014 request.

Gipson filed this lawsuit on April 25, 2016. The trial court dismissed the lawsuit on summary judgment, finding that the County met its burden of showing that RCW 42.56.250(6) applied to the records at issue. Gipson appeals.

## STANDARD OF REVIEW

The PRA allows the public access to records for inspection and copying.[3] But it exempts some records from disclosure.[4] This case involves the exemption for records related to an "active and ongoing" investigation into employment discrimination under RCW 42.56.250(6).[5] An appellate court reviews de novo an

---

[3] Sargent v. Seattle Police Dep't, 167 Wn. App. 1, 9, 260 P.3d 1006 (2011), rev'd in part on other grounds, 179 Wn.2d 376, 314 P.3d 1093 (2013); ch. 42.56 RCW.

[4] Sargent, 167 Wn. App. at 9; ch. 42.56 RCW.

[5] RCW 42.56.250(6) exempts the following employment and licensing information from public inspection and copying: "Investigative records compiled by an employing agency conducting an active and ongoing investigation of a possible unfair practice under chapter 49.60 RCW or of a possible violation of other federal, state, or local laws prohibiting discrimination in employment."

agency's compliance with the PRA.[6] It liberally construes the PRA and narrowly construes its exemptions.[7] The agency bears the burden of proving that an exemption applies.[8]

In reviewing an order of summary judgment, an appellate court engages in the same inquiry as does the trial court.[9] It should affirm a summary judgment "only if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[10] It considers the facts in a light most favorable to the nonmoving party,[11] in this case, Gipson.

## ANALYSIS

Gipson claims that because the MFR investigation into the allegations against him had concluded before the County responded to his December 2014 PRR, it improperly claimed the exemption for records related to an "active and ongoing" investigation into employment discrimination. We disagree.

In Sargent v. Seattle Police Department,[12] this court held that there are no standing requests under the PRA. This means that after an agency has properly

---

[6] RCW 42.56.550(3); Sargent, 167 Wn. App. at 10.
[7] Sargent, 167 Wn. App. at 10.
[8] Sargent, 167 Wn. App. at 10.
[9] Reid v. Pierce County, 136 Wn.2d 195, 201, 961 P.2d 333 (1998).
[10] Reid, 136 Wn.2d at 201.
[11] Reid, 136 Wn.2d at 201.
[12] 167 Wn. App. 1, 6, 260 P.3d 1006 (2011), rev'd in part on other grounds, 179 Wn.2d 376, 314 P.3d 1093 (2013).

responded, it is irrelevant whether a claimed exemption ceases to apply because "'[a]n agency is not obligated to supplement responses.'"[13]   Instead, the requester may submit a "refresher" request.[14]  To support its decision, this court cited WAC 44-14-04004(4),[15] which states, in part, that "if a public record is created or comes into the possession of the agency after the request is received by the agency, it is not responsive to the request and need not be provided." The court explained that the no-standing-requests rule is consistent with the PRA's policy to provide public access to existing, nonexempt records: "The legislature requires agencies of government to respond to requests in a timely and clear fashion.  But it does not require that agencies provide updates to previous responses, or monitor whether documents properly withheld as exempt may later become subject to disclosure."[16]

The Washington State Bar Association's Public Records Act Deskbook reiterates the no-standing-requests rule and states, similarly,

> [T]he determination of whether a record is exempt is made at the time the request is received.  If, for example, a temporal exemption expires after the request is made, the agency is not required to produce the record; but the record must be identified on an

---

[13] Sargent, 167 Wn. App. at 11 (quoting WAC 44-14-04004(4)).

[14] Sargent, 167 Wn. App. at 11.

[15] The Office of the Attorney General promulgated the model rules at the request of the legislature to provide guidance to agencies and the public.  RCW 42.56.570; Sargent, 167 Wn. App. at 11 n.11.

[16] Sargent, 167 Wn. App. at 10-11.

exemption log, and as a practical matter it may be advisable for the agency to produce the record if it has not yet closed the request.[17]

This case does not involve a standing request because the County had not yet produced the installments containing the requested records when the relevant exemption ceased to apply. But this court's reasoning in Sargent still applies. Sargent reasoned that the PRA does not permit standing requests because, as the WAC and deskbook indicate, an agency determines whether a record exists or is exempt at the time that it receives the request.

Although the County provided installments two, three, and five containing heavily redacted records after the close of the investigation, Gipson submitted the PRR providing the basis for his claim on December 1, 2014, two months before the investigation ended on February 2, 2015. Because he submitted his request while the investigation into the allegations against him for employment discrimination was ongoing, the exemption for records related to an "active and ongoing" investigation into employment discrimination under RCW 42.56.250(6) applied. To receive records subject to this exemption after the investigation ended, the PRA requires that Gipson's submit a refresher request. He did this in February 2016 and ultimately received unredacted copies of the records in

---

[17] WASH. STATE BAR ASS'N PUBLIC RECORDS ACT DESKBOOK: WASHINGTON'S PUBLIC DISCLOSURE AND OPEN PUBLIC MEETINGS LAWS § 5.1(4) at 5-8 (2d ed. 2014).

dispute. Gipson has not shown the existence of any genuine issue of material fact about his PRA claim or that the trial court misapplied the PRA.

Gipson also makes an equitable estoppel claim. He asserts that the County misrepresented that the investigation was ongoing by claiming the exemption after the investigation's conclusion. He contends that the County should thus be estopped from claiming that it did not have to produce the records based on the no-standing-requests rule and the requester's obligation to submit a refresher request. But because Gipson's trial counsel did not make an adequate record to preserve this issue for review, we decline to consider it. The trial court properly granted summary judgment.

## CONCLUSION

We affirm.

_Leach, J._

WE CONCUR:

_Spearman, J._          _Schindler, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 JUL -9 AM 9: 10